# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TAMARA K. COKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-06-0911-HE |
| | ) | |
| HARTFORD LIFE GROUP | ) | |
| INSURANCE COMPANY, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The court previously denied the joint motion of the parties for a protective order governing the production of confidential documents in this case, concluding that the proposed order's definition of "confidential information" was so broad and indeterminate that it was inconsistent with the public nature of judicial proceedings [Doc. #17]. The parties have now moved again for entry of a protective order [Doc. #21]. The revised proposed order, though somewhat different from the first, continues to be subject to some or all of the same problems as the original order. As a result, the court concludes it is appropriate to set out more fully the court's concerns and expectations with respect to the protective or confidentiality order proposed here.[1]

The protective order proposed by the parties would designate as "Confidential

---

[1] *The court does not suggest, by this second rejection of a proposed agreed protective order, any criticism of the parties or counsel. The issues discussed here, relating to the form of agreed orders for confidentiality of discovery materials, are arising with increasing frequency in cases of all sorts in this court. The court concludes a fuller discussion of such issues is appropriate.*

Information" various categories of documents or information. Some are unremarkable, such as information constituting "trade secrets or other confidential research, development or commercial information" and "medical records." Other categories are considerably broader, including "personnel information," "personal documents of the parties or their employees," and, most broadly of all, "electronic data." The definition of "Confidential Information" is said to "include" these categories, but is presumably not limited to them.

The proposed order includes provisions that Confidential Information produced shall be kept confidential and used only for purposes of the present litigation. Dissemination of the information is limited to the parties, their counsel and related support staff,[2] the court and its personnel and, subject to certain limitations, expert and other witnesses. Disputes as to whether particular information is confidential (if not resolved by a "meet and confer" process) are to be presented "to the court in camera." Most important for present purposes are provisions which require the filing under seal of (1) all pleadings, briefs and other documents filed with the Court which have been designated confidential and (2) all such documents which "contain" information designated as confidential. The proposed order also provides for the destruction or return of Confidential Information at the conclusion of the case, with the protective order to continue in force thereafter.

The authority of the district court to enter protective orders providing for the

---

[2]*The agreement actually limits dissemination to "outside" counsel. Since the document would permit access to confidential information by the parties, it is unclear why "in house" counsel should be (implicitly) excluded, if that is in fact the intention of the parties.*

confidentiality of discovery materials is clear. Fed.R.Civ.P. 26(c) provides:

> Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>> (1) that the disclosure or discovery not be had;
>>
>> (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;
>>
>> (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;
>>
>> (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters;
>>
>> (5) that discovery be conducted with no one present except persons designated by the court;
>>
>> (6) that a deposition, after being sealed, be opened only by order of the court;
>>
>> (7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way; and
>>
>> (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.
>
> If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or other person provide or permit discovery. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

The scope of the rule extends not only to the protection of information specifically referenced

in the rule, such as "trade secret or other confidential research, development or commercial information," but also to other matters broadly implicating privacy interests. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) ("Although the Rule contains no specific reference to privacy or to other rights or interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule."). Subject to certain broad principles and considerations and the finding of "good cause" required by Rule 26, the nature and scope of such orders are largely within the discretion of the trial court. Estate of Trentadue ex rel. Aguilar v. United States, 397 F.3d 840, 865 (10th Cir. 2005) ("District courts have discretion to issue protective orders consistent with the limitations set forth in Fed.R.Civ.P. 26(c)."); Thomas v. Int'l Bus. Mach., 48 F.3d 478, 482 (10th Cir. 1995) ("...the decision to grant a protective order under Fed.R.Civ.P. 26(c) is vested in the district court's discretion...").

The federal cases are conflicting in their application of Rule 26 to agreed protective orders (sometimes referred to as "blanket protective orders") and the use of such orders has generated considerable debate. Some cases generally conclude that, given the nature of public court proceedings, both court filings and pretrial discovery should presumptively be made public, with relatively stringent standards for any exceptions from that view. *See* Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943 (7th Cir. 1999) and authorities cited therein; Bryan v. Eichenwald, 191 F.R.D. 650 (D.Kan. 2000). Other cases give greater weight to the property or privacy interests of the parties, particularly where pretrial discovery alone is involved, and give greater deference to the parties' agreement as

to confidentiality. *See* In re Alexander Grant & Co. Litig., 820F.2d 352 (11th Cir. 1987).

Striking the appropriate balance between the various interests involved is difficult. While the public interest in knowing about the activities which transpire in the courts, and in knowing the basis for decisions made there, is great, litigants also have legitimate and substantial property and privacy interests which may, in a proper case, outweigh the public interest in full disclosure. Advances in technology, including the use of electronic case filing, electronic access to court records, and use of the internet to access and disseminate information, raise the stakes for everyone.

The court concludes that, in evaluating the propriety of a proposed protective order requiring confidential treatment of information,[3] the use to be made of the confidential information is critical. If the agreement purports only to control the pretrial exchange of discovery materials between the parties and does not address their use in the case via some public filing, there is considerably less reason for the court to second guess the determination of the parties that designated information should be kept confidential. In the unusual case, that designation of confidential materials could conceivably extend to all discovery in the case. *See* United Nuclear Corp. v. Cranford Ins. Co., 905 F.2d 1424 (10th Cir. 1990).[4] As

---

[3]*This discussion relates only to consideration of <u>agreed</u> protective orders.*

[4]*In <u>United Nuclear Corp.</u>, the district court had entered a stipulated protective order, pursuant to Fed.R.Civ.P. 26(c), declaring all discovery materials to be confidential and prohibiting their use or disclosure other than in connection with the case. The Court of Appeals did not address the merits of the order, but appears to have viewed the order as unremarkable, noting that "These stipulated 'blanket' protective orders are becoming standard practice in complex cases." Id. at 1427.*

5

the Supreme Court has recognized, pretrial discovery, in and of itself, is not a public component of a civil trial.[5] Where only the pretrial exchange of discovery materials is involved,[6] the agreement of the parties as to the confidentiality of the documents or other materials may be sufficient, by itself, to establish "good cause" for issuance of the protective order.

The considerations change significantly once documents are used in litigation of the case. Court proceedings are public proceedings and there is a "strong presumption in favor of public access to judicial records." Mann v. Boatwright, No. 05-1559, ___F.3d___, 2007 WL 476268, at *6 (10th Cir. Feb. 15, 2007). Any effort to seal materials filed or otherwise used in deciding the case should be permitted only if the property or privacy interests involved outweigh the substantial interest of the public in knowing what goes on in their courts.[7] That determination cannot be left to the agreement of the parties, as they "are not the only people who have a legitimate interest in the record compiled in a legal proceeding."

---

[5]*Seattle Times Co.*, 467 U.S. at 33 *("Moreover, pretrial depositions and interrogatories are not public components of a civil trial. Such proceedings were not open to the public at common law...").*

[6]*The propriety of a particular protective order may be affected by the nature of the case. A commercial dispute involving trade secrets or other proprietary business information may involve different considerations than privacy interests implicated in a Title VII employment case or, as here, the materials applicable to a dispute over insurance coverage and the duty of good faith.*

[7]*The public interest is particularly strong where the discovery materials involved are submitted in support of a motion dispositive of the case or a substantial issue in it. The public interest is less compelling as to non-dispositive motions. See Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1135-36 (9th Cir. 2003); Chicago Tribune Co. v. Bridgestone/Firestone Inc., 263 F.3d 1304, 1312-13 (11th Cir. 2001).*

Citizens First Nat'l. Bank of Princeton, 178 F.3d at 944. The judge is the representative of the public in this regard, must make the necessary weighing of interests even in the face of a contrary agreement of the parties, and must determine whether good cause exists to seal the public record. *Id.* at 945. Further, in light of the substantial public interest in openness, any sealing or redaction of information from the public file should be kept to a minimum. In most circumstances,[8] that means the inclusion of confidential information in a pleading or brief should not result in the entire pleading or brief being sealed, but rather should result only in the redaction of the confidential information from the pleading or brief, which would otherwise be filed normally.[9]

The protective order proposed here by the parties does more than regulate the pretrial exchange of discovery materials. As noted above, it also would require that pleadings and briefs filed in the case be sealed if they are designated as confidential or if they contain Confidential Information. That fact, coupled with the extraordinarily broad definition of Confidential Information proposed by the parties (such as "electronic data," "proprietary information," and "personal documents" of the parties) could result in significant portions

---

[8]*There may be circumstances where the references to confidential information are so extensive, or the redaction process otherwise so burdensome, that redaction is impractical. At some point, the processes for accommodating the competing interests involved can get so burdensome that they implicate the public interest in the "inexpensive determination of every action." Fed.R.Civ.P. 1.*

[9]*As suggested by Local Rule 5.3, relating to the redaction of personal data identifiers, a protective order could and ordinarily should provide for the public filing of the pleading or document with confidential information redacted and for the filing under seal of an unredacted copy.*

7

of the record in this case being sealed where no showing of "good cause," within the meaning of Rule 26(c), either has been, or perhaps could be, made. As a result, the proposed order is unacceptable .

As before, the parties may move for entry of a revised order more consistent with the standards articulated above. In the circumstances of this case, the proposed order might approach the standards set out above in various ways. One approach would be to narrowly and specifically define those categories of information intended to be kept confidential, coupled with such information (via affidavit or otherwise) as will show the confidential nature of the particular categories of documents, if it is not otherwise obvious, and establish a basis for a "good cause" determination under Rule 26. An alternative approach would be to limit the order purely to the exchange of discovery materials, in which case a broader or more general description of confidential information would be acceptable, and, when particular confidential materials are sought to be used in the case (i.e. filed), seek leave at that time to file a redacted pleading or brief or to file it under seal, with the appropriate showing.[10] In any event, a proposed protective order should not purport to control the treatment of confidential information at trial (which would be handled by appropriate request to the court at that time) or to prescribe a particular process, other than a motion filed with

---

[10]*Regardless of what may have been provided for in a blanket protective order entered (usually) at the outset of the case, a party may always seek a specific protective order later if matters not within the scope of the blanket order require confidential treatment or if some other issue as to the application of the blanket order arises.*

the court, for the court's resolution of disputes that may arise under the protective order.[11]

Accordingly, the parties' joint motion for entry of protective order [Doc. #21] is **DENIED**. An order complying with the above guidelines may be resubmitted.

**IT IS SO ORDERED.**

Dated this 21st day of February, 2007.

JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[11]*The order tendered here states that any dispute will be "present[ed] to the court in camera." That may contemplate something different than filing a motion to resolve the dispute. The court recognizes that redaction or sealing of all or part of the motion may be necessary to maintain the confidentiality of the information pending a determination by the court.*