IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) TAMRA K. COKER<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>(1) HARTFORD LIFE GROUP INSURANCE<br>　　COMPANY (f/k/a CNA Group Life<br>　　Assurance Company) and<br>(2) CONTINENTAL CASUALTY COMPANY<br><br>　　　　　　　Defendants. | Case No. 06CV911 HE |

## AGREED PROTECTIVE ORDER

Plaintiff, Tamra K. Coker, and Defendants, Hartford Life Group Insurance Company and Continental Casualty Company, have agreed to the provisions of this Agreed Protective Order in this action. The Court finds pursuant to Fed.R.Civ.P. 26(c) that good cause has been shown for entering this Agreed Protective Order.

## IT IS HEREBY ORDERED THAT:

1.　This Order applies to Confidential Information produced by any party hereto, whether disclosed in response to document requests, interrogatories, requests for admission, testimony given in depositions, informal discovery responses, or in any other manner.

2.　"Confidential Information" which shall be subject to the terms of this Agreed Protective Order shall include: confidential personnel information and records, claims handling procedures, trade secrets or other confidential research, development or commercial information, proprietary information, customer records, and medical records, of the parties or their employees, and any other writing reflecting confidential, commercial or personal

{661080;}

information that any party has in good faith designated as confidential information (hereinafter "Confidential Information").

3. The party initiating discovery is hereinafter called the "Requesting Party." The party who produces or submits documents or other written materials is hereinafter called the "Producing Party." After inspection of any documents by the Requesting Party, but prior to the provision of copies of any such document to the Requesting Party, the Producing Party shall cause the copies of any such documents containing information that is Confidential Information to be marked with a stamp or marking reading "Confidential" (the "Confidentiality Stamp"), provided that the Producing Party in good faith believes the document contains Confidential Information. The Confidentiality Stamp may not in any manner obscure the words or content or information of the documents produced. At the Producing Party's option, the Confidentiality Stamp may be affixed to any such documents before the same are produced for initial inspection. Any party may also affix a Confidentiality Stamp to any written discovery responses or deposition transcripts that the Producing Party in good faith believes contains confidential information.

4. In the event one party has possession of documents containing Confidential Information of another party by virtue of a pre-litigation relationship, either party may seek protected status for that information. The procedure for seeking protected status is as follows:

    a. Either prior to or within 15 days after a party uses or discloses information, any other party may advise that party, in writing, that the information is believed to be Confidential Information.

    b. Following that written notice, if the parties agree that the information is Confidential Information, the information will be appropriately marked in

{661080;}

accordance with this Order. In the event the parties do not agree after conferring in good faith, the party seeking to maintain the confidentiality of the subject information shall, within 15 days, present the dispute to the court by way of motion, and such party shall have the burden of producing evidence or grounds to establish that the confidential designation on the subject information should be continued. The information shall remain protected until a definitive ruling by the court.

5. All Confidential Information produced in this action shall be protected and treated as confidential and shall be used only for the purposes necessary in the prosecution or defense of this litigation, and not for any other purpose, except as hereinafter provided. Subject to the other provisions of this order, no Confidential Information may be disclosed, except as follows:

   a. To the parties to this action;

   b. To counsel of record in this case who are outside counsel to the parties herein, including all regular employees of counsel such as legal assistants, secretaries and other support staff, so long as all persons are informed of this Protective Order and agree in writing to abide by its terms;

   c. Submissions to the court and court personnel.

   d. To court reporters, including deposition court reporters and their staffs;

   e. To actual and potential deposition or trial witnesses in this case, subject to the terms of paragraph 6 below;

   f. To persons who are assisting counsel in the prosecution or defense of this action, subject to the terms of paragraph 6 below; and

    g.    To outside experts or consultants employed by counsel for the sole purpose of assisting in the prosecution or defense of this action, subject to the terms of paragraph 6 below.

6.    If used in connection with a pleading, brief or other court filing, any documents filed with the Court which have been designated "Confidential" or which contain information so designated, shall be filed separately from such pleading, brief or other court filing in a sealed envelope or other appropriate sealed container on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, the words "Confidential Information – Under Protective Order" and a statement substantially in the following form: "This envelope contains confidential information filed in this case by [NAME OF PARTY] and is not to be opened nor the contents thereof to be displayed or revealed except by order of the Court." All portions of pleadings, briefs or other filings with the Court that contain personal identifier information or information designated as "Confidential" shall be redacted from such pleadings or briefs and shall be filed unredacted in the same fashion above identified in this Paragraph 6.

7.    Confidential Information produced by any party shall at all times during the litigation be maintained in the utmost confidentiality by all persons having access to it, and, upon conclusion of the litigation, shall be destroyed or returned to the producing or testifying party, along with all copies. For purposes of this paragraph, the "conclusion of litigation" shall be deemed to have occurred when (i) a final nonappealable order has been entered herein, or (ii) the parties have

{661080;}

agreed in writing that the litigation is concluded, whichever has first occurred. The termination of this litigation shall not relieve any person covered by this Protective Order from the obligation to comply with its terms.

8. In the event that a party objects to the designation of any information as confidential, that party shall notify all other parties, and thereafter counsel shall meet and confer (by telephone or otherwise) to attempt to resolve the dispute. In the event the dispute is unresolved, the party seeking to maintain the confidentiality of the subject information shall, within 15 days, present the dispute to the court by way of motion, and such party shall have the burden of producing evidence or grounds to establish that the confidential designation on the subject information should be continued. The information shall remain protected until a definitive ruling by the court.

9. Nothing herein shall be deemed to restrict in any way a party or its attorneys with respect to its own documents. Nothing herein shall be deemed to prevent a party from using or disclosing information obtained from public documents or other documents legally or properly obtained, other than from a party pursuant to discovery in this litigation. Nothing herein is deemed to modify a person's or entity's existing responsibilities under any confidentiality, trade secret or non-disclosure agreement.

10. Nothing herein shall be deemed a waiver of any party's right to otherwise oppose production of information or documents for any reason.

11. All documents produced prior to the entry of this Protective Order shall be treated for all purposes as if they had been produced after the entry of this Protective

Order. Within fifteen (15) days of the date of the entry of this order, any party may designate any document previously produced by it in this action as confidential by notifying all other parties, in writing, of its intention to treat such document as confidential. Prior to the expiration of this fifteen (15) days period, all previously produced documents shall be treated as though designated confidential.

12. This Order governs the exchange and use of documents and information before trial. The parties may request appropriate orders addressing the use of Confidential Information at trial.

13. For good cause shown as a result of a change of circumstances in this case, any party may move the court to modify or rescind this Protective Order, or grant any other relief with respect to its provisions at any time.

**IT IS BY THE COURT SO ORDERED.**

_____
JOE HEATON
UNITED STATES DISTRICT COURT JUDGE

**APPROVED AS TO FORM AND CONTENT:**


/s/ Guy R. Wood
Douglas A. Terry
Guy R. Wood
*(Signed copy of document bearing
signature of Plaintiff's Attorney
is being maintained in the office of
Filing Attorney)*
*Attorney for Plaintiff*

{661080;}

/s/ Selim K. Fiagome
Timothy A. Carney
Selim K. Fiagome
*Attorneys for Defendants*

{661080;}